ORIGINAL

PROB. 12B
(7/93)

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 02 2006

at 3 o'clock and 30 min P M
SUE BEITIA, CLERK

# United States District Court

## for the

### DISTRICT OF HAWAII

**Request for Modifying the Conditions or Term of Supervision
with Consent of the Offender**
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender: KALANI OSHAY RABANAL    Case Number: CR 00-00286DAE-02

Name of Sentencing Judicial Officer:    The Honorable David Alan Ezra
                                        U.S. District Judge

Date of Original Sentence: 6/25/2001

Original Offense:   Count 1: Conspiracy to Distribute and Possess With Intent to
                    Distribute in Excess of 50 Grams of Crystal Methamphetamine, in
                    violation of 21 U.S.C. §§ 841(a)(1) and 846, a Class A felony

Original Sentence:  Forty-Eight (48) months imprisonment to be followed by five (5)
                    years supervised release with the following special conditions:
                    1) that the defendant is prohibited from possessing any illegal or
                    dangerous weapons; 2) that the defendant shall participate in a
                    substance abuse program, which must include drug testing for the
                    first year and at the discretion and direction of the Probation Office
                    for the remaining period of his supervised release; and 3) that the
                    defendant shall submit his or her person, residence, place of
                    employment, or vehicle to a search conducted by the
                    U.S. Probation Office at a reasonable time and in a reasonable
                    manner, based upon reasonable suspicion of contraband or
                    evidence of a violation of a condition of supervision. Failure to
                    submit to a search may be grounds for revocation. The defendant
                    shall warn any other resident that the premises may be subject to
                    search pursuant to this condition.

Type of Supervision: Supervised Release    Date Supervision Commenced: 12/24/2003

## PETITIONING THE COURT

[X]   To modify the conditions of supervision as follows:

Prob 12B
(7/93)

2

**General Condition:** That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervised release (mandatory condition).

**Special Condition No. 2:** That the defendant shall participate and comply with substance abuse treatment which includes drug and alcohol testing, at the discretion and direction of the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

**Special Condition No. 4:** That the defendant shall not associate with any known felons, including but not limited to Clyde Soto, Reynold Borges, Cain Chun, and Randal Char. The defendant is to immediately notify the Probation Officer of any unauthorized contact with these individuals. The defendant shall not frequent places where any of these individuals are known to frequent as determined by the Probation Office.

**Special Condition No. 5:** That the defendant shall submit monthly telephone and/or cellular telephone records as instructed by the Probation Officer, and immediately provide any new telephone or cellular telephone number(s) to the Probation Officer.

**Special Condition No. 6:** That the defendant serve 4 months of home detention with electronic monitoring as arranged by the Probation Office. During this time, the defendant shall remain at his place of residence during nonworking hours and shall not leave his residence without the approval of the Probation Office. The defendant shall wear an electronic monitoring device and follow electronic monitoring procedures pursuant to the Participant's Agreement and shall earn leave as determined by the Probation Office. The defendant also will be responsible for the payment of the electronic monitoring costs as directed by the Probation Office.

Prob 12B
(7/93)

3

## CAUSE

| Violation Number | Nature of Noncompliance |
|---|---|
| 1. Standard Condition No. 2 | The offender submitted untruthful monthly reports for the months of June 2005, November 2005, and December 2005. |
| 2. Standard Condition No. 9 | Association with persons convicted of a felony without the permission of the Probation Officer. |

The offender violated the following conditions of supervised release as follows:

**Violation Nos. 1 and 2 - Submission of untruthful Monthly Supervision Reports; and association with known felons under federal supervision:**

On 1/24/2006, Clyde G. Soto, Jr., a person under federal supervision, appeared before the Honorable Helen Gillmor on an Order To Show Cause Why Supervision Should Not Be Revoked in U.S. v. Clyde G. Soto, Jr., aka "Sots", Criminal No. CR 00-00264HG-02. During the revocation proceeding, Soto admitted to violations which included association with Reynold Borges, a known felon under federal supervision, on three separate occasions, including on or around June 2005, November 2005, and on 12/31/2005. The Court subsequently revoked Soto's supervised release and sentenced him to 8 months imprisonment followed by 52 months supervised release.

On 2/1/2006, Reynold Borges reported to the Probation Office as instructed. Upon being questioned by Probation Officers Sydney Fleming and Derek Kim, Borges admitted that he associated with Clyde Soto on at least three occasions. Borges further admitted that he associated with Kalani Rabanal, Randall Char, and Cain Chun, known felons under federal supervision. In this regard, Borges reported that Soto, Rabanal, and Char met at his residence for a barbeque in June 2005, a baby shower for his girlfriend in November 2005, and his New Year's Eve party on 12/31/2005. Borges also acknowledged that each of the offenders "worked out" at 24 Hour Fitness in Mililani and that they kept in telephone contact with one another. Subsequently, Borges was informed that he was in violation of his supervision for: 1) submitting untruthful Monthly Supervision Reports for at least June 2005, November 2004, and December 2005 by failing to disclose felony association, in violation of Standard Condition No. 3 and in violation of 18 U.S.C. § 1001; and 2) associating with convicted felons in violation of Standard Condition No. 9.

On 2/2/2006, Cain Chun reported to the Probation Office as instructed. Upon being questioned by Probation Officer Sydney Fleming, Chun admitted that he associated with Soto, Char, Rabanal, and Borges. In this regard, Chun admitted that he went to Borges' residence on two occasions. Chun further reported that he knew Rabanal and Soto because there were incarcerated together, and knew Char because they used to

Prob 12B
(7/93)
4

be employed together. Chun also reported that he met Borges through Rabanal. Subsequently, Chun was informed that he was in violation of his supervision for: 1) submitting untruthful Monthly Supervision Reports for at least June 2005 and November 2005 by failing to disclose felony association, in violation of Standard Condition No. 3 and in violation of 18 U.S.C. § 1001; and 2) associating with convicted felons in violation of Standard Condition No. 9.

On 2/2/2006, Kalani Rabanal reported to the Probation Office as instructed. Upon being questioned by Probation Officer Mark Nugent, Rabanal admitted that he associated with Soto, Char, Borges, and Chun on three occasions. In this regard, Rabanal admitted that he was at Borges' barbeque, baby shower, and New Year's Eve party. Additionally, Rabanal admitted that he associated with Chun at a night club on one occasion. Rabanal further reported that Borges was his codefendant, that he knew Soto because there were incarcerated together, and knew Soto and Char from their employment. Rabanal also reported that they contacted each other by telephone on a regular basis. Subsequently, Rabanal was informed that he was in violation of his supervision for: 1) submitting untruthful Monthly Supervision Reports for at least June 2005, November 2005, and December 2005 by failing to disclose felony association, in violation of Standard Condition No. 3 and in violation of 18 U.S.C. § 1001; and 2) associating with convicted felons in violation of Standard Condition No. 9.

On 2/2/2006, Randal Char reported to the Probation Office as instructed. Upon being questioned by Probation Officers Lisa Jicha and Derek Kim, Char admitted that he associated with Soto, Chun, Borges, and Rabanal on at least three occasions, including Borges' barbeque, baby shower, and New Year's Eve party. Char further reported that he also associated with Soto and Chun on different occasions at bars and nightclubs. Subsequently, Char was informed that he was in violation of his supervision for: 1) submitting untruthful Monthly Supervision Reports for at least June 2005, November 2005, and December 2005 by failing to disclose felony association, in violation of Standard Condition No. 3 and in violation of 18 U.S.C. § 1001; and 2) associating with convicted felons in violation of Standard Condition No. 9.

Reynold Borges, Cain Chun, Kalani Rabanal, and Randal Char were advised that their respective sentencing Judge would be notified of their violations and that sanctions would be imposed. They were also warned that further association and untruthfulness would result in further Court action, including revocation of supervised release.

On 2/3/2006, Probation Officers Sydney Fleming, Mark Nugent, Lisa Jicha, and Derek Kim met and agreed that the above-noted special conditions were appropriate for correctional and rehabilitative purposes.

Subsequently, Reynold Borges, Cain Chun, Kalani Rabanal, and Randal Char agreed to the recommended special conditions.

Prob 12B
(7/93)

5

Attached is a signed Waiver of Hearing to Modify Conditions of Supervised Release. The subject waives his right to a hearing and to assistance of counsel. The subject agrees to the modification of the conditions of supervised release. The subject's attorney and the U.S. Attorney's Office have been notified of the proposed modification and have no objections to the modification.

Respectfully submitted by,

MARK T. NUGENT
U.S. Probation Officer

Approved by:

PETER D. YOSHIHARA
Supervising U.S. Probation Officer

Date: 2/28/2006

THE COURT ORDERS:

[X] The Modification of Conditions as Noted Above
[ ] Other

DAVID ALAN EZRA
U.S. District Judge

MAR 0 1 2006
Date

PROB 49
(5/96)

# United States District Court
### District of Hawaii
### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release and/or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release and/or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release and/or to the proposed extension of my term of supervision:

[X]   To modify the conditions of supervision as follows:

*General Condition:*   That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervised release (mandatory condition).

*Special Condition 2:*   That the defendant shall participate and comply with substance abuse treatment which includes drug and alcohol testing, at the discretion and direction of the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

*Special Condition 4:*   That the defendant shall not associate with any known felons, including but not limited to Clyde Soto, Reynold Borges, Cain Chun, and Randal Char. The defendant is to immediately notify the Probation Officer of any unauthorized contact with these individuals. The defendant shall not frequent places where any of these individuals are known to frequent as determined by the Probation Office.

*Special Condition 5:*   That the defendant shall submit monthly telephone and/or cellular telephone records as instructed by the Probation Officer, and immediately provide any new telephone or cellular telephone number(s) to the Probation Officer.

*Special Condition 6:*   That the defendant serve 4 months of home detention with electronic monitoring as arranged by the Probation Office. During this time, the defendant shall remain at his place of residence during nonworking hours and shall not leave his residence without the approval of the Probation Office. The defendant shall wear an electronic monitoring device and follow electronic monitoring procedures pursuant to the Participant's Agreement and shall earn leave as determined by the Probation Office. The defendant also will be responsible for the payment of the electronic monitoring costs as directed by the Probation Office.

Witness: _____   Signed: _____
MARK T. NUGENT                         KALANI OSHAY RABANAL
U.S. Probation Officer                 Supervised Releasee

2/23/06
Date