Prob 12C
(Rev. 1/06 D/HI)

# ORIGINAL

## United States District Court

### for the

### DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 23 2007

at ___ o'clock and ___ min. ___ M
SUE BEITIA, CLERK

U.S.A. vs. <u>KALANI OSHAY RABANAL</u>    Docket No. <u>CR 00-00286DAE-02</u>

### REQUEST FOR COURSE OF ACTION
**(Statement of Alleged Violations of Supervised Release)**

COMES NOW MARK T. NUGENT, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of KALANI OSHAY RABANAL who was placed on supervision by the Honorable David Alan Ezra sitting in the Court at Honolulu, Hawaii, on the 25th day of June 2001, who fixed the period of supervision at 5 years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1. That the defendant is prohibited from possessing any illegal or dangerous weapons.

2. That the defendant shall participate in a substance abuse program, which must include drug testing for the first year and at the discretion and direction of the Probation Office for the remaining period of his supervised release.

3. That the defendant shall submit his or her person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

On 3/2/2006, the Court granted modifications of the conditions of supervised release as follows:

<u>General Condition:</u>

That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervised release (mandatory condition).

Prob 12C
(Rev. 1/06 D/HI)

Special Conditions:

2.  That the defendant shall participate and comply with substance abuse treatment which
    includes drug and alcohol testing, at the discretion and direction of the Probation Office.
    The defendant is to refrain from the possession and/or use of alcohol while participating in
    substance abuse treatment.

4.  That the defendant shall not associate with any known felons, including but not limited to
    Clyde Soto, Reynold Borges, Cain Chun, and Randal Char.  The defendant is to
    immediately notify the Probation Officer of any unauthorized contact with these individuals.
    The defendant shall not frequent places where any of these individuals are known to
    frequent as determined by the Probation Office.

5.  That the defendant shall submit monthly telephone and/or cellular telephone records as
    instructed by the Probation Officer, and immediately provide any new telephone or cellular
    telephone number(s) to the Probation Officer.

6.  That the defendant serve 4 months of home detention with electronic monitoring as
    arranged by the Probation Office.  During this time, the defendant shall remain at his place
    of residence during nonworking hours and shall not leave his residence without the
    approval of the Probation Office.  The defendant shall wear an electronic monitoring
    device and follow electronic monitoring procedures pursuant to the Participant's
    Agreement and shall earn leave as determined by the Probation Office.  The defendant
    also will be responsible for the payment of the electronic monitoring costs as directed by
    the Probation Office.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

Alleged Violation(s) of Supervised Release

That the subject has violated the conditions of his supervised release (Probation Forms 7A
and 12B are attached) as follows:

1.  The subject submitted untruthful monthly reports for the months of June 2005,
    November 2005, and December 2005, by failing to disclose felony association,
    in violation of Standard Condition No. 2.

2.  The subject associated with felons Reynold Borges, Randall Char, Cain Chun, and Clyde
    Soto between June 2005 and December 2005, in violation of Standard Condition No. 9.

3.  The subject associated with felon Reynoldlyn Botelho between 8/9/2006 and 2/25/2007, in
    violation of Standard Condition No. 9.

Prob 12C
(Rev. 1/06 D/HI)

3

4.  The subject submitted untruthful monthly supervision reports for the months of August 2006, September 2006, October 2006, November 2006, and December 2006, by failing to disclose felony association, in violation of Standard Condition No. 2.

Based on the above, the U.S. Probation Officer recommends that a Summons be issued and that the subject be brought before the Court to show cause why supervision should not be revoked.

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[X] The Issuance of a Summons and that the subject be brought before the Court to show cause why supervision should not be revoked.

[  ] Other

I declare under penalty of perjury that the foregoing is true and correct

Executed on  3/20/2007

MARK T. NUGENT
U.S. Probation Officer

Approved by:

PETER D. YOSHIHARA
Supervising U.S. Probation Officer

Prob 12C
(Rev. 1/06 D/HI)

4

---

## ORDER OF COURT

THE COURT ORDERS the issuance of a Summons and that the subject be brought before the Court to show cause why supervision should not be revoked

Considered and ordered this 20th day of March, 2007, and ordered filed and made a part of the records in the above case.

DAVID ALAN EZRA
U.S. District Judge

Re:   **RABANAL, Kalani Oshay**
      **Criminal No. CR 00-00286DAE-02**
      **REVOCATION OF SUPERVISED RELEASE**


### STATEMENT OF FACTS

**Violation Nos. 1 and 2 - Submission of Untruthful Monthly Supervision Reports and Association with Felons Soto, Borges, Chun and Char between June and December 2005:**

On 1/24/2006, Clyde G. Soto, Jr., a person under federal supervision, appeared before The Honorable Helen Gillmor on an Order to Show Cause Why Supervision Should Not be Revoked. During the revocation proceeding, Soto admitted to violations which included association with Reynold Borges, a known felon under federal supervision, on three separate occasions, including on or around June 2005, November 2005, and on 12/31/2005. The Court subsequently revoked Soto's supervised release and sentenced him to 8 months imprisonment followed by 52 months of supervised release.

On 2/1/2006, Reynold Borges reported to the Probation Office as instructed. Upon being questioned by Probation Officers Sydney Fleming and Derek Kim, Borges admitted that he associated with Clyde Soto on at least three occasions. Borges further admitted that he associated with Kalani Rabanal (subject), Randall Char, and Cain Chun, known felons under federal supervision. In this regard, Borges reported that Soto, Char, and the subject met at his residence for a barbeque in June 2005, a baby shower for his girlfriend in November 2005, and his New Year's Eve party on 12/31/2005. Borges also acknowledged that each of the offenders "worked out" at 24 Hour Fitness in Mililani and that they kept in telephone contact with one another. Subsequently, Borges was informed that he was in violation of his supervision for: 1) submitting untruthful Monthly Supervision Reports for at least June 2005, November 2005, and December 2005 by failing to disclose felony association, in violation of Standard Condition No. 2 and in violation of 18 U.S.C. § 1001; and 2) associating with convicted felons in violation of Standard Condition No. 9.

On 2/2/2006, Cain Chun reported to the Probation Office as instructed. Upon being questioned by Probation Officer Sydney Fleming, Chun admitted that he associated with Soto, Char, Borges and the subject. In this regard, Chun admitted that he went to Borges' residence on two occasions. Chun further reported that he knew Soto and the subject because they were incarcerated together, and knew Char because they used to be employed together. Chun also reported that he met Borges through the subject. Subsequently, Chun was informed that he was in violation of his supervision for: 1) submitting untruthful Monthly Supervision Reports for at least June 2005 and November 2005 by failing to disclose felony association, in violation of Standard Condition No. 2 and in violation of 18 U.S.C. § 1001; and 2) associating with convicted felons in violation of Standard Condition No. 9.

Re:   **RABANAL, Kalani Oshay**
      **Criminal No. CR 00-00286DAE-02**
      **REVOCATION OF SUPERVISED RELEASE**
      **STATEMENT OF FACTS - Page 2**

On 2/2/2006, the subject reported to the Probation Office as instructed. Upon being questioned by Probation Officer Mark Nugent, the subject admitted that he associated with Soto, Char, Borges, and Chun on three occasions. In this regard, the subject admitted that he was at Borges' barbeque, baby shower, and New Year's Eve party. Additionally, the subject admitted that he associated with Chun at a night club on one occasion. The subject further reported that Borges was his codefendant, that he knew Soto because they were incarcerated together, and knew Soto and Char from their employment. The subject also reported that they contacted each other by telephone on a regular basis. Upon being confronted with his Monthly Supervision Reports for June, November and December 2005, the subject admitted that the reports were untruthful because he failed to disclose his contact with felons. Subsequently, the subject was informed that he was in violation of his supervision for: 1) submitting untruthful Monthly Supervision Reports for at least June 2005, November 2005, and December 2005 by failing to disclose felony association, in violation of Standard Condition No. 3 and in violation of 18 U.S.C. § 1001; and 2) associating with convicted felons in violation of Standard Condition No. 9.

On 2/2/2006, Randal Char reported to the Probation Office as instructed. Upon being questioned by Probation Officers Lisa Jicha and Derek Kim, Char admitted that he associated with Soto, Chun, Borges, and the subject on at least three occasions, including at Borges' barbeque, baby shower, and New Year's Eve party. Char further reported that he also associated with Soto and Chun on different occasions at bars and nightclubs. Subsequently, Char was informed that he was in violation of his supervision for: 1) submitting untruthful Monthly Supervision Reports for at least June 2005, November 2005, and December 2005 by failing to disclose felony association, in violation of Standard Condition No. 2 and in violation of 18 U.S.C. § 1001; and 2) associating with convicted felons in violation of Standard Condition No. 9.

The sentencing judges for Reynold Borges, Cain Chun, Randal Char and the subject were all notified of their violations. Each offender was sanctioned with 4 months of home detention on electronic monitoring. They were also warned that further association and untruthfulness would result in Court action, including revocation of supervised release.

**Violations Nos. 3 and 4 - Submission of Untruthful Monthly Supervision Reports and Association with Felon Botelho between August 2006 and February 2007:**

As background information, prior to being released on his term of supervision, the subject was a resident at the Miller Hale Community Corrections Center (CCC). In April 2003, while at Miller Hale CCC, it was discovered that the subject was involved in a relationship with federal felony offender, Reynoldlyn Botelho. Botelho had been released from Miller Hale CCC and began her federal term of supervised release on 2/18/2003. Based upon rules prohibiting

Re:    **RABANAL, Kalani Oshay**
       **Criminal No. CR 00-00286DAE-02**
       **REVOCATION OF SUPERVISED RELEASE**
       **STATEMENT OF FACTS - Page 3**

felony association at Miller Hale, Botelho and the subject were directed to cease contact. However, in consideration of their expressed love for one another and their representation that they were involved in a serious relationship, they were informed that once the subject was released from Miller Hale, the issue of their association would be reconsidered.

On 12/24/2003, Rabanal was released from Miller Hale and began his term of federal supervised release. On 1/6/2004, the subject and Botelho requested permission to resume their relationship. According to the subject, they had a long-standing relationship and were deeply in love. In consideration of the fact that the subject secured full-time employment and that Botelho was in overall compliance with the conditions of her supervised release, the request was granted. Both the subject and Botelho were warned that if their relationship had an adverse effect on their compliance with supervision, they would be prohibited from further association.

Between January 2004 and 8/8/2006, the subject was allowed to associate with Botelho. However, on 8/9/2006, the subject and Botelho were both instructed to cease their association. During the months leading up to 8/8/2006, both the subject and Botelho had reported that their relationship had deteriorated. Both indicated that the other was emotionally and verbally abusive. On 8/8/2006, this officer met with the subject and Botelho separately. Each agreed that their relationship was detrimental to their progress and that they no longer wanted to maintain a relationship. As a result, this officer prohibited any further contact. The subject was instructed to call this officer if Botelho contacted him in any way. Additionally, the subject was instructed to call this officer if the need arose for him to have contact with Botelho in the future.

On 2/15/2007, this officer received a voice message from Botelho reporting that she was just leaving the subject's residence and that the police had been called. Immediately following this, the subject called this officer and reported that Botelho had been in his apartment when he returned home from work. According to the subject, Botelho had convinced his landlord to let her in. She was in the process of taking personal items from his apartment that she had helped purchase while they had lived together. The subject explained that they got into a verbal argument and neighbors called the police. Botelho left his house and no one was arrested. Upon being questioned, the subject admitted that both he and Botelho had maintained fairly regular contact since 8/8/2006. He indicated that since August 2006, they talked to each other several times a month. The subject acknowledged that he was aware he was violating the terms of supervision by contacting Botelho. Additionally, with regards to Monthly Supervision Reports for the months of August, September, October, November and December 2006, the subject admitted that he was untruthful when he indicated he did not have any contact with felons.

Re:   **RABANAL, Kalani Oshay**
      **Criminal No. CR 00-00286DAE-02**
      **REVOCATION OF SUPERVISED RELEASE**
      **STATEMENT OF FACTS - Page 4**

The subject was instructed to have no further contact with Botelho and was warned that any future contact would result in the initiation of revocation proceedings.  The subject was also instructed to call this officer if Botelho contacted him in any way.

Later that same day (2/15/2007), Botelho was telephonically contacted and questioned.  Botelho, who was emotionally upset and crying, admitted that she went to the subject's residence despite being prohibited from associating with him.  She stated that she went to the subject's apartment to retrieve items (television, surround sound) that she had purchased.  She admitted that they had remained in contact since August 2006 by telephone.  She acknowledged that she had contacted him on numerous occasions.  She also reported that the subject had called her on numerous occasions since August 2006 and that he sometimes called her as often as 10 times per day.  Botelho was instructed to return to her home on the Big Island and to have no further contact with the subject.

On 2/26/2007, this officer conducted a home inspection at Botelho's residence in Honokaa, Hawaii.  Botelho admitted that she had maintained contact with the subject.  During the course of this conversation, Botelho admitted that they had called each other on several occasions since 2/15/2007.  Botelho stated that the subject had called her as recently as 2/25/2007.  The subject's home phone caller ID revealed that the subject had called her from his cellular phone (808-953-9259) twice on 2/24/2007 and twice on 2/25/2007.

It is noted that on 3/19/2007, Botelho appeared before The Honorable Helen Gillmor on an Order to Show Cause Why Supervised Release Should Not Be Revoked.
During the revocation proceeding, Botelho admitted to violations which included association with the subject, a known felon under federal supervision, between 8/9/2006 and the present.  The Court subsequently revoked Botelho's supervised release and sentenced her to 12 months imprisonment to be followed by 48 months supervised release.

Re:   **RABANAL, Kalani Oshay**
      **Criminal No. CR 00-00286DAE-02**
      **REVOCATION OF SUPERVISED RELEASE**
      **STATEMENT OF FACTS - Page 5**

### Conclusion:

Despite numerous and specific instructions to refrain from associating with felons, the subject continued to do so.  In March 2006, the Court was informed that the subject was associating with 4 individuals on federal felony supervision.  As an intermediate sanction, the Court ordered the subject to serve 4 months of home confinement with electronic monitoring. The subject was warned that if he continued to have unauthorized associations with felons, revocation proceedings would be initiated.  Despite these warnings, between August 2006 and February 2007, the subject maintained unauthorized contact with felon Botelho.  The subject's decision to maintain contact with Botelho and his attempts to conceal this association from the Probation Office indicates he does not recognize the Court's authority and suggests he is not amenable to further supervision.  As a result, it is respectfully recommended that a Summons be issued by the Court to show cause why supervised release should not be revoked.

Respectfully submitted by,

MARK T. NUGENT
U.S. Probation Officer

Approved by:

PETER D. YOSHIHARA
Supervising U.S. Probation Officer

MTN/dck

Re:    **RABANAL, Kalani Oshay**
       **Criminal No. CR 00-00286DAE-02**
       **REVOCATION OF SUPERVISED RELEASE**
       **STATEMENT OF FACTS - Page 6**


**NOTICE OF ADDITIONAL CONDITION(S) OF SUPERVISION THAT MAY WARRANT CONSIDERATION**

   None.

PROB 7A
(Rev. 9/00; D/HI 7/02)

**Conditions of Probation and Supervised Release**

# UNITED STATES DISTRICT COURT

### FOR THE

### DISTRICT OF HAWAII

To:       KALANI OSHAY RABANAL                    Docket No.  CR 00-00286DAE-02
Address:  98-328 Ponohale Street
          Aiea, Hawaii  96701

Under the terms of this sentence, the defendant has been placed on supervised release by the Honorable David Alan Ezra, Chief U.S. District Judge for the District of Hawaii. The defendant's term of supervision is for a period of 5 years commencing 12/24/2003.

While on supervised release, the defendant shall not commit another federal, state, or local crime. The defendant shall not illegally possess a controlled substance.

If the judgment imposed a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with any Schedule of Payments set forth in the Criminal Monetary Penalties sheet of the judgment. In any case, the defendant should cooperate with the probation officer in meeting any financial obligations.

The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons (supervised release cases only).

[X ]      The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

**For offenses committed on or after September 13, 1994:**

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment or placement on probation and at least two periodic drug tests thereafter.

[ ]       The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.

**It is the order of the Court that the defendant shall comply with the following standard conditions:**

(1)       The defendant shall not leave the judicial district without the permission of the court or probation officer;

(2)       The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

(3)       The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

(4)    The defendant shall support his or her dependents and meet other family responsibilities;

(5)    The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;

(6)    The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

(7)    The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician;

(8)    The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

(9)    The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

(10)   The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

(11)   The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

(12)   The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

(13)   As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**The special conditions ordered by the Court are as follows:**

*(1)    The defendant is prohibited from possessing any illegal or dangerous weapons.*

*(2)    The defendant shall participate in a substance abuse program, which must include drug testing for the first year and at the discretion and direction of the Probation Office for the remaining period of his supervised release.*

*(3)    The defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.*

Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _K. Rabanal_ _____    12/29/03
         KALANI OSHAY RABANAL , Defendant          _____
                                                    Date

_Sydney L. Fleming_ _____    12/29/03
SYDNEY L. FLEMING                                  _____
U.S. Probation Officer                             Date

PROB. 12B
(7/93)

RECEIVED **United States District Court**

**FILED IN THE**
**UNITED STATES DISTRICT COURT**
**DISTRICT OF HAWAII**

'06 MAR -2 A3 :36 **for the**

MAR 0 2 2006

**DISTRICT OF HAWAII**

at __3__ o'clock and __3__ min. __P__ M

SUE BEITIA, CLERK

U.S. ~~~~~~

**Request for Modifying the Conditions or Term of Supervision**
**with Consent of the Offender**
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender:  KALANI OSHAY RABANAL     Case Number:  CR 00-00286DAE-02

Name of Sentencing Judicial Officer:   The Honorable David Alan Ezra
U.S. District Judge

Date of Original Sentence:  6/25/2001

Original Offense:    <u>Count 1</u>:  Conspiracy to Distribute and Possess With Intent to
Distribute in Excess of 50 Grams of Crystal Methamphetamine, in
violation of 21 U.S.C. §§ 841(a)(1) and 846, a Class A felony

Original Sentence:   Forty-Eight (48) months imprisonment to be followed by five (5)
years supervised release with the following special conditions:
1) that the defendant is prohibited from possessing any illegal or
dangerous weapons; 2) that the defendant shall participate in a
substance abuse program, which must include drug testing for the
first year and at the discretion and direction of the Probation Office
for the remaining period of his supervised release; and 3) that the
defendant shall submit his or her person, residence, place of
employment, or vehicle to a search conducted by the
U.S. Probation Office at a reasonable time and in a reasonable
manner, based upon reasonable suspicion of contraband or
evidence of a violation of a condition of supervision.  Failure to
submit to a search may be grounds for revocation.  The defendant
shall warn any other resident that the premises may be subject to
search pursuant to this condition.

<u>Type of Supervision:  Supervised Release   Date Supervision Commenced:  12/24/2003</u>

**PETITIONING THE COURT**

[X]     To modify the conditions of supervision as follows:

Prob 12B
(7/93)

2

**General Condition:**   That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervised release (mandatory condition).

**Special Condition No. 2:**   That the defendant shall participate and comply with substance abuse treatment which includes drug and alcohol testing, at the discretion and direction of the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

**Special Condition No. 4:**   That the defendant shall not associate with any known felons, including but not limited to Clyde Soto, Reynold Borges, Cain Chun, and Randal Char. The defendant is to immediately notify the Probation Officer of any unauthorized contact with these individuals. The defendant shall not frequent places where any of these individuals are known to frequent as determined by the Probation Office.

**Special Condition No. 5:**   That the defendant shall submit monthly telephone and/or cellular telephone records as instructed by the Probation Officer, and immediately provide any new telephone or cellular telephone number(s) to the Probation Officer.

**Special Condition No. 6:**   That the defendant serve 4 months of home detention with electronic monitoring as arranged by the Probation Office. During this time, the defendant shall remain at his place of residence during nonworking hours and shall not leave his residence without the approval of the Probation Office. The defendant shall wear an electronic monitoring device and follow electronic monitoring procedures pursuant to the Participant's Agreement and shall earn leave as determined by the Probation Office. The defendant also will be responsible for the payment of the electronic monitoring costs as directed by the Probation Office.

Prob 12B
(7/93)

3

## CAUSE

| Violation Number | Nature of Noncompliance |
|---|---|
| 1. Standard Condition No. 2 | The offender submitted untruthful monthly reports for the months of June 2005, November 2005, and December 2005. |
| 2. Standard Condition No. 9 | Association with persons convicted of a felony without the permission of the Probation Officer. |

The offender violated the following conditions of supervised release as follows:

### Violation Nos. 1 and 2 - Submission of untruthful Monthly Supervision Reports; and association with known felons under federal supervision:

On 1/24/2006, Clyde G. Soto, Jr., a person under federal supervision, appeared before the Honorable Helen Gillmor on an Order To Show Cause Why Supervision Should Not Be Revoked in U.S. v. Clyde G. Soto, Jr., aka "Sots", Criminal No. CR 00-00264HG-02. During the revocation proceeding, Soto admitted to violations which included association with Reynold Borges, a known felon under federal supervision, on three separate occasions, including on or around June 2005, November 2005, and on 12/31/2005. The Court subsequently revoked Soto's supervised release and sentenced him to 8 months imprisonment followed by 52 months supervised release.

On 2/1/2006, Reynold Borges reported to the Probation Office as instructed. Upon being questioned by Probation Officers Sydney Fleming and Derek Kim, Borges admitted that he associated with Clyde Soto on at least three occasions. Borges further admitted that he associated with Kalani Rabanal, Randall Char, and Cain Chun, known felons under federal supervision. In this regard, Borges reported that Soto, Rabanal, and Char met at his residence for a barbeque in June 2005, a baby shower for his girlfriend in November 2005, and his New Year's Eve party on 12/31/2005. Borges also acknowledged that each of the offenders "worked out" at 24 Hour Fitness in Mililani and that they kept in telephone contact with one another. Subsequently, Borges was informed that he was in violation of his supervision for: 1) submitting untruthful Monthly Supervision Reports for at least June 2005, November 2004, and December 2005 by failing to disclose felony association, in violation of Standard Condition No. 3 and in violation of 18 U.S.C. § 1001; and 2) associating with convicted felons in violation of Standard Condition No. 9.

On 2/2/2006, Cain Chun reported to the Probation Office as instructed. Upon being questioned by Probation Officer Sydney Fleming, Chun admitted that he associated with Soto, Char, Rabanal, and Borges. In this regard, Chun admitted that he went to Borges' residence on two occasions. Chun further reported that he knew Rabanal and Soto because there were incarcerated together, and knew Char because they used to

Prob 12B
(7/93)

4

be employed together.  Chun also reported that he met Borges through Rabanal.
Subsequently, Chun was informed that he was in violation of his supervision for:
1) submitting untruthful Monthly Supervision Reports for at least June 2005 and
November 2005 by failing to disclose felony association, in violation of Standard
Condition No. 3 and in violation of 18 U.S.C. § 1001; and 2) associating with convicted
felons in violation of Standard Condition No. 9.

On 2/2/2006, Kalani Rabanal reported to the Probation Office as instructed.  Upon
being questioned by Probation Officer Mark Nugent, Rabanal admitted that he
associated with Soto, Char, Borges, and Chun on three occasions.  In this regard,
Rabanal admitted that he was at Borges' barbeque, baby shower, and New Year's Eve
party.  Additionally, Rabanal admitted that he associated with Chun at a night club on
one occasion.  Rabanal further reported that Borges was his codefendant, that he knew
Soto because there were incarcerated together, and knew Soto and Char from their
employment.  Rabanal also reported that they contacted each other by telephone on a
regular basis.  Subsequently, Rabanal was informed that he was in violation of his
supervision for:  1) submitting untruthful Monthly Supervision Reports for at least
June 2005, November 2005, and December 2005 by failing to disclose felony
association, in violation of Standard Condition No. 3 and in violation of 18 U.S.C.
§ 1001; and 2) associating with convicted felons in violation of Standard Condition
No. 9.

On 2/2/2006, Randal Char reported to the Probation Office as instructed.  Upon
being questioned by Probation Officers Lisa Jicha and Derek Kim, Char admitted that
he associated with Soto, Chun, Borges, and Rabanal on at least three occasions,
including Borges' barbeque, baby shower, and New Year's Eve party.  Char further
reported that he also associated with Soto and Chun on different occasions at bars and
nightclubs.  Subsequently, Char was informed that he was in violation of his supervision
for:  1) submitting untruthful Monthly Supervision Reports for at least June 2005,
November 2005, and December 2005 by failing to disclose felony association, in
violation of Standard Condition No. 3 and in violation of 18 U.S.C. § 1001; and
2) associating with convicted felons in violation of Standard Condition No. 9.

Reynold Borges, Cain Chun, Kalani Rabanal, and Randal Char were advised that
their respective sentencing Judge would be notified of their violations and that sanctions
would be imposed.  They were also warned that further association and untruthfulness
would result in further Court action, including revocation of supervised release.

On 2/3/2006, Probation Officers Sydney Fleming, Mark Nugent, Lisa Jicha, and
Derek Kim met and agreed that the above-noted special conditions were appropriate for
correctional and rehabilitative purposes.

Subsequently, Reynold Borges, Cain Chun, Kalani Rabanal, and Randal Char
agreed to the recommended special conditions.

Prob 12B
(7/93)

5

   Attached is a signed Waiver of Hearing to Modify Conditions of Supervised
Release. The subject waives his right to a hearing and to assistance of counsel. The
subject agrees to the modification of the conditions of supervised release. The
subject's attorney and the U.S. Attorney's Office have been notified of the proposed
modification and have no objections to the modification.

                                          Respectfully submitted by,


                                          MARK T. NUGENT
                                          U.S. Probation Officer


Approved by:


PETER D. YOSHIHARA
Supervising U.S. Probation Officer

Date:  2/28/2006


THE COURT ORDERS:

[X]  The Modification of Conditions as Noted Above
[  ] Other


                                   _____
                                   DAVID ALAN EZRA
                                   U.S. District Judge
                                        MAR 0 1 2006
                                   _____
                                             Date

PROB 49
(5/96)

# United States District Court
### District of Hawaii
### Waiver of Hearing to Modify Conditions
of Probation/Supervised Release and/or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release and/or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release and/or to the proposed extension of my term of supervision:

[ X ]   To modify the conditions of supervision as follows:

General Condition:    *That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervised release (mandatory condition).*

Special Condition 2:   *That the defendant shall participate and comply with substance abuse treatment which includes drug and alcohol testing, at the discretion and direction of the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.*

Special Condition 4:   *That the defendant shall not associate with any known felons, including but not limited to Clyde Soto, Reynold Borges, Cain Chun, and Randal Char. The defendant is to immediately notify the Probation Officer of any unauthorized contact with these individuals. The defendant shall not frequent places where any of these individuals are known to frequent as determined by the Probation Office.*

Special Condition 5:   *That the defendant shall submit monthly telephone and/or cellular telephone records as instructed by the Probation Officer, and immediately provide any new telephone or cellular telephone number(s) to the Probation Officer.*

Special Condition 6:   *That the defendant serve 4 months of home detention with electronic monitoring as arranged by the Probation Office. During this time, the defendant shall remain at his place of residence during nonworking hours and shall not leave his residence without the approval of the Probation Office. The defendant shall wear an electronic monitoring device and follow electronic monitoring procedures pursuant to the Participant's Agreement and shall earn leave as determined by the Probation Office. The defendant also will be responsible for the payment of the electronic monitoring costs as directed by the Probation Office.*

Witness: _____       Signed: _____
MARK T. NUGENT                                         KALANI OSHAY RABANAL
U.S. Probation Officer                                       Supervised Releasee

2/23/06
Date